IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 15, 2025

## STATE OF TENNESSEE v. LADARRIN CEAZER

**Appeal from the Criminal Court for Shelby County**
No. 23-00821        Carlyn L. Addison, Judge

_____

**No. W2024-01067-CCA-R3-CD**

_____

A Shelby County jury convicted the defendant, Ladarrin Ceazer, of second-degree murder for which he received a sentence of twenty-five years with the Tennessee Department of Correction. On appeal, the defendant contends the trial court erred in sentencing him to the maximum within-range sentence. Upon our review of the record, the applicable law, and the parties' briefs, we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J. and CAMILLE R. MCMULLEN, PJ., joined.

Raven Prean-Morris, Franklin, Tennessee, for the appellant, Ladarrin Ceazer.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Steve Mulroy, District Attorney General; and Monica Timmerman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

On September 12, 2022, the defendant drove to the apartment of Kiarra Cooper, his former girlfriend and victim in the instant matter, shared with her family. After sitting in his car for approximately four and a half minutes, the defendant walked to the front door and knocked. Ms. Moreno, Ms. Cooper's mother, answered the door. At trial, Ms. Moreno testified that the defendant asked to speak with her. However, because she was not

"decent," Ms. Moreno went back inside the apartment to change clothes. When she did, she informed Ms. Cooper that the defendant was outside. After changing, Ms. Moreno returned to the front door and stepped outside to speak with the defendant. Before Ms. Moreno and the defendant could begin talking, Ms. Cooper exited the apartment and asked defendant, "[w]hat the f*ck are you doing here?" When the defendant began to move towards Ms. Cooper, Ms. Moreno attempted to "jump in front" of Ms. Cooper. Ms. Moreno explained at trial that she wanted to prevent an altercation between Ms. Cooper and the defendant, because Ms. Cooper was weak due to a recent hospitalization. Before Ms. Moreno could usher Ms. Cooper inside the apartment, the defendant shot Ms. Cooper in the neck and fled the scene. Ms. Cooper died as a result of her gunshot wound.

At the conclusion of proof, the jury found the defendant guilty of second-degree murder.

On June 21, 2024, the trial court held a sentencing hearing. At the hearing, the State presented victim impact statements from several members of Ms. Cooper's family. The defendant then offered a statement of remorse, asking Ms. Cooper's family for forgiveness and stating, "I should have made a better decision." After hearing arguments from counsel, the family's statements, the defendant's statement of remorse, and entering the presentence report into evidence, the trial court sentenced the defendant to twenty-five years in confinement, the maximum within-range sentence for a Range I offender.

Pursuant to a motion to reconsider the sentence, the trial court held a subsequent sentencing hearing on June 28, 2024. During the hearing, the trial court stated on the record that it "considered the evidence presented at trial and the sentencing hearing, the presentence report, the principles of sentencing and arguments made as to the sentencing alternatives, the nature and characteristics of the criminal conduct involved, the evidence and information offered by the parties on the mitigating and enhancement factors, and any statement that the defendant made." Pursuant to Tennessee Code Annotated section 40-35-114, the trial court applied enhancement factors (4), (6), (9), (10), and (12). The trial court recognized the submission of mitigating factors and found none were applicable to the instant case. The trial court recognized the presentence report and considered alternatives to incarceration. Ultimately, the trial court affirmed its original sentence determination of twenty-five years' incarceration with the Tennessee Department of Correction.

This timely appeal followed.

***Analysis***

The defendant's sole issue on appeal is whether the trial court erred by imposing the maximum within-range sentence. Specifically, the defendant contends the trial court erred in its application of several enhancement factors and by disregarding evidence of mitigating factors. The State submits the trial court properly determined the length of the defendant's sentence. We agree with the State.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf; and (8) the result of the validated risk and needs assessment conducted by the department. Tenn. Code Ann. § 40-35-210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4).

Sentences that are within range for the offender, supported by the record, and reflect that the trial court properly applied the purposes and principles of sentencing are reviewed for an abuse of discretion, with a presumption of reasonableness. *State v. Bise,* 380 S.W.3d 682, 707-8 (Tenn. 2012). This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v, Carter,* 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. § 40-35-114, -210(c). The 2005 amendments set forth certain "advisory sentencing guidelines" that are not binding on the trial court; however, the trial court must nonetheless consider them. *See id.* § 40-35-210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id.* § 40-35-210(e). The weighing of mitigating and enhancing factors is left to the sound discretion of the trial court. *Carter*, 254 S.W.3d at

345. The burden of proving applicable mitigating factors rests upon appellant. *State v. Moore,* No. 03C01-9403-CR-00098, 1995 WL 548786, at *6 (Tenn. Crim. App. Sept. 18, 1995) (citation omitted). The trial court's weighing of the various enhancement and mitigating factors is not grounds for reversal under the revised Sentencing Act. *Carter,* 254 S.W.3d at 345 (citing *State v. Banks,* No. W2005-02213-CCA-R3-DD, 2007 WL 1966039, at *48 (Tenn. Crim. App. July 6, 2007), *aff'd as corrected,* 271 S.W.3d 90 (Tenn. 2008)).

Here, the trial court applied enhancement factors: (4) the "victim of the offense was particularly vulnerable because of age or physical or mental disability"; (6) "the personal injuries inflicted upon, or the amount of damage to property sustained by or taken from, the victim was particularly great"; (9) "the defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense"; (10) "the defendant had no hesitation about committing a crime when the risk to human life was high"; and (12) "during the commission of the felony, the defendant intentionally inflicted serious bodily injury upon another person, or the actions of the defendant resulted in the death or, or serious bodily injury to, a victim or a person other than the intended victim." Tenn. Code Ann § 40-35-114 (4), (6), (9), (10), (12). The trial court also determined that no mitigating factors related to the instant case.

The defendant contends that the trial court misapplied the enhancement factors (4), (6), and (12), and we agree. Enhancement factor (4) is not appropriate where there is "no proof at trial that the vulnerability of the victim of the crime was a factor in the commission of the offense." *State v. Lewis,* 44 S.W.3d 501, 504 (Tenn. 2001). Here, there is nothing in the record to suggest that Ms. Cooper's lupus diagnosis was a factor in the defendant's commission of the murder. The evidence presented at trial showed that Ms. Cooper was shot in her carotid artery by a single bullet. The record is void of any proof that Ms. Cooper's lupus was relevant to the defendant's offense. Therefore, the trial court erred in applying enhancement factor (4).

As to enhancement factor (6), it is well-settled that statutory enhancement factors may not apply if they are essential elements of the offense. *See State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). Accordingly, this Court has held that enhancement factor (6) is inappropriate in cases where the death of the victim was an element of the offense, because "injuries sustained by a homicide victim are by definition 'particularly great.'" *State v. Tennial*, No. W2006-0099-CCA-R3-CD, 2007 WL 2935625, *4 (Tenn. Crim. App. 2007) (citing *State v. Williamson*, 19 S.W.2d 69, 82 (Tenn. Crim. App. 1995); *State v. Brogan*, No. E2001-00712-CCA-R3-CD, 2002 WL 1723702, *5 (Tenn. Crim. App. 2002) (second-degree murder). In the case at bar, Ms. Cooper's death was an essential element of the defendant's offense and, therefore, could not also be the basis for the enhancement factor. Accordingly, the trial court erred in its application.

Similarly, enhancement factor (12) may also not be imposed if it is "based on facts that are used to prove the offense." *State v. Arnett*, 49 S.W.3d 250, 263 (Tenn. 2001). Here, the trial court based its application of enhancement factor (12) on the fact the defendant murdered the victim. Because the willful killing of another is an essential element used to prove the defendant's second-degree murder conviction, that fact may not be used to increase his sentence. *See id.* Therefore, the trial court erred in its imposition of enhancement factor (12).

Although the trial court misapplied enhancement factors (4), (6), and (12), there is no evidence in the record to suggest the trial court gave these factors great weight. Additionally, our supreme court has explained that a trial court's "misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed . . . . So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." *Bise*, 380 S.W.3d at 706. In this case, enhancement factors (9) and (10) were applicable to the defendant's conviction for second-degree murder. Our review of the record indicates the trial court imposed a sentence within the applicable range after properly considering the evidence adduced at trial and the sentencing hearing, the presentence report, the principles of sentencing, the parties' arguments, the nature and characteristics of the crime, and the evidence of enhancement and mitigating factors. Tenn. Code Ann. §§ 40-35-103(5), -114, -210(b). The defendant, therefore, is not entitled to relief on this issue.

The defendant also challenges the trial court's disregard of mitigation factor (11) "the defendant, although guilty of the crime, committed the offense under such unusual circumstances that is unlikely that a sustained intent to violate the law motivated the criminal conduct" and factor (13) "any other factor consistent with the purposes of this chapter." Tenn. Code Ann. § 40-35-113 (11), (13). While the trial court did not articulate findings on the record explicitly explaining why factors (11) and (13) were inapplicable, the record reflects that the trial court considered the defendant's arguments and acted within its discretion in rejecting them. The law does not require the trial court to "explicitly discuss" each mitigating factor; it only requires that the trial court "consider" them. *State v. Dunn*, No. E2021-00343-CCA-R3-CD, 2022 WL 2433687, at *19 (Tenn. Crim. App. July 5, 2022), *perm. app. denied*, (Tenn. Dec. 14, 2022). The trial court expressly considered the mitigating factors and, therefore, complied with its obligations under the Sentencing Act. Therefore, this issue is without merit.

Ultimately, although erroneously applying three of five enhancement factors, the trial court applied the purposes and principles of sentencing and weighed the mitigating and enhancement factors before imposing the maximum sentence authorized. Because the

trial court's sentence is within range and levied in compliance with the purposes and principles of sentencing under *Bise*, there is no error that merits relief to the defendant.

### *Conclusion*

For the aforementioned reasons, the judgment of the trial court is affirmed.

s/ J. ROSS DYER
J. ROSS DYER, JUDGE